CHARLES TETWILER, Public Administrator in Charge of the Estate of THOMAS ALLEN, deceased, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, a Corporation, Appellant.

Springfield Court of Appeals, May 5, 1913.

SUPREME COURT: Decision of the Case: Appellate Court Governed by. This case having been presented to the Supreme Court on a former appeal upon the same evidence and issues of law (242 Mo. 178), it is incumbent on the appellate court to follow the decision therein rendered.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*R. T. Railey* and *N. A. Mozley* for appellant.

(1) Deceased was clearly guilty of contributory negligence, under the facts disclosed by this record; there was nothing to submit to the jury and appellant's peremptory instructions should have been given.

He deliberately walked between the moving cars regardless of the warning given him by the brakeman; heedless of the noise of the wheels on the curved track and the bunting of cars against each other in coupling and without paying any heed whatever to the double head light on the engine all of which the proof shows he could have seen and heard by merely looking and listening. Taylor v. Railway, 86 Mo. 462-463; Maher v. Railroad, 64 Mo. 275; Zimmerman v. Railroad, 71 Mo. 488; Hayden v. Railroad, 124 Mo. 573; Degonia v. Railroad, 224 Mo. 564; Cahill v. Railroad, 205 Mo. 408; Loeffler v. Railroad, 96 Mo. 270; Prewitt v. Edy, 115 Mo. 304; Hutchinson v. Railroad, 195 Mo. 546; Magee v. Railway, 214 Mo. 546-547; Schmidt v. Railway, 191 Mo. 215; Holland v. Railway, 210 Mo. 338; Baker v. Railroad, 122 Mo. 533; Boyd v. Railroad, 105 Mo. 381; Evans v. Railroad, 178 Mo. 508; Ries v. Transit Co. 179 Mo. 1; Sites v. Knott, 197 Mo. 684; Laughlin v. Railroad, 144 Mo. App. 185. (2) The opening between the cars where deceased attempted to pass, under the proof in this case, was not an established opening, but merely a chance opening. Under such circumstances appellant was not required to give any warning of its intention to close such opening, even to the general public, much less to employees familiar with the surroundings and with the mode and manner of the operation of appellants engines and cars. Sites v. Knott, 197 Mo. 684; Evans v. Railway, 178 Mo. 508; Loring v. Railroad, 128 Mo. 359; Aerkfetz v. Humphreys, 145 U. S. 418. (3) Deceased was familiar with the operation of the engines and cars in the yards where he worked and knew the dangers incident to passing over the tracks. Under the proof disclosed by the record, it was his duty to look out for his own safety in attempting to cross said tracks. Evans v. Railroad, 178 Mo. 508; Loring v. Railroad, 128 Mo. 359; Aerkfetz v. Humphreys, 145 U. S. 418; Davis v. Railroad, 159 Mo. 1. (4) There is no testimony

in the record tending to show that appellant's engineer acutally saw, or by the exercise of ordinary care could have known, that deceased was in a position of peril in time to have avoided the injury and, hence, appellant is not liable on that ground. Ginnochio v. Railroad, 155 Mo. App. 163; Hitz v. Railroad, 152 Mo. App. 699; Evans v. Railroad, 178 Mo. 514. (5) The rule offered in evidence requiring the bell to be rung when the engine is moved has, and had, no application to appellant's yards because under the proof in this case which is undisputed from any source, it was the general and universal custom of all yard employees, notwithstanding the rule, to look out for their own personal safety, and such rule had never been observed by any of the engineers in the yards at Poplar Bluff. In fact it has always been the law of this State that employees whose duties require them to cross over, or be upon, railway tracks must look out for themselves. Degonia v. Railway, 224 Mo. 599; Cahill v. Railway, 205 Mo. 408; Loeffler v. Railroad, 96 Mo. 270; Prewitt v. Eddy, 115 Mo. 304; Williams v. Railroad, 119 Mo. 316; Loring v. Railroad, 128 Mo. 357-358; Laughlin v. Railroad, 144 Mo. App. 185. (6) The court erred in refusing appellant's instruction No. 6 which told the jury that it was the duty of deceased, Allen, in undertaking to pass between appellant's cars to exercise due caution to ascertain whether said cars were moving or about to be moved. Newton v. Railroad, 152 Mo. App. 167; Connor v. Railroad, 149 Mo. App. 675; Laun v. Railroad, 216 Mo. 563; Palmer v. Railroad, 142 Mo. App. 440. (7) The burden is on respondent to show by a fair preponderance of the testimony that the failure to sound the whistle or ring the bell was the proximate cause of the injury. We earnestly insist that, under the facts of this record, no connection is shown between the failure to sound the bell or whistle and the injury sustained by deceased, Allen, nor are any facts disclosed from which the jury were authoriz-

Tetwiler v. Railroad.

ed to infer that the alleged negligent act was the proximate cause of the injury. In other words, the burden is on the plaintiff to show that the injury would have been avoided had the defendant performed some duty he owed to the injured person. Davis v. Railroad, 155 Mo. App. 312; Sanguinette v. Railroad, 196 Mo. 466.

*David W. Hill* for respondent.

(1) This is the second appeal in this case. The first appeal was to the Supreme Court and the law of the case is therefore settled. Tetwiler v. Railroad, 242 Mo. 178; Alcorn v. Railroad, 108 Mo. 91. (2) Section 6 of the Amendment of 1884 to the Missouri Constitution provides: . . . "The last ruling of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeal." (3) The Kansas City Court of Appeals has observed: "We are expressly required by the mandate of the Constitution to follow the last rulings of the Supreme Court." Glenn v. Weary, 66 Mo. App. 78. (4) And our Legislature has provided: "The supreme Court, or Courts of Appeal shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." Sec. 2082, R. S. 1909. (5) There is now no question of law in this case fairly debatable. The jury settled the questions of fact. The appeal is frivolous and was taken for vexation and delay, and we sincerely ask this court to affirm the judgment of the lower court with 10 per cent damages. Sec. 2084, R. S. 1909; Taylor v. Scott, 26 Mo. App. 252; Bank Note & Lithograph Co. v. Association, 84 Mo. App. 233; Darby v. Jorndt, 85 Mo. App. 278; Bonnell v. Express Co., 45 Mo. 422; Phillips v. Phillips, 107 Mo. 364.

ROBERTSON, P. J.—This action to recover damages on account of the death of Thomas Allen was instituted by the public administrator of Butler county Missouri, who was in charge of his estate, and has been tried in the circuit court twice. At the first trial the verdict of the jury was for the defendant and the plaintiff appealed to the Supreme Court, which reversed the judgment and remanded the cause for a new trial. The opinion is in 242 Mo. 178, 145 S. W. 780, where a statement of the facts as disclosed at the first trial may be found. Upon the second trial the jury returned a verdict in favor of the plaintiff for $5000 and the defendant has appealed to this court.

In the second trial of the case the testimony of David Sheets taken at the first trial and preserved in the bill of exceptions was again submitted to the jury, so also was the testimony of several other witnesses; hence, the chief testimony upon which the Supreme Court considered the case is yet present verbatim in the record submitted here.

In addition to what is stated in the opinion of the Supreme Court as to the facts, we note that some of the witnesses testified that the space between the cars referred to therein was opened up for the express purpose of allowing the employees to pass through, and that when the deceased started to enter this opening the cars were standing still. The engineer on the second trial testified as follows:

"Q. Now, this opening there was necessary for the repair men and engine men to get through there and use their shanty, and have a place to get through; wasn't it? A. How is that?

"Q. That opening was necessary for these men to use it? A. Oh, sure, when it was done, there, it was necessary for them to use it."

The engineer testified that previous to the time he moved his engine which caused the accident, he had been standing still for two or three minutes; that he

saw the torches carried by the deceased and his partner, Sheets; that when he last saw them "they were right at the opening, going westward." The engineer also testified that the deceased and his partner, Sheets, could have walked from their starting point to the opening in about two minutes, and as he testified that he had been standing still for about three minutes previous to the time when he last saw the men, the jury may well have presumed that the engine was not in motion at the time when the deceased started to enter the opening. It is admitted by the engineer that no signal was given when he moved the engine.

As stated in the opinion of the Supreme Court, we are unable to ascertain how the deceased could have determined when a safer opportunity would have presented itself for passing through the opening than the one which he selected.

We do not have the authority to overrule the Supreme Court in this case, neither have we, under the facts disclosed by the record, the inclination to criticize that opinion. The judgment of the trial court is affirmed. All concur.